IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SKYLER WILLIAM JAMES EARL MULLINS                                                    PLAINTIFF

v.                          Civil No. 5:25-cv-05044-TLB-MEF

BENTON COUNTY DETENTION CENTER                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.      DISCUSSION

Plaintiff initiated this action by filing his Complaint on February 27, 2025. (ECF No. 1). When he filed his Complaint, Plaintiff was incarcerated in the Omega Technical Violator Center, a unit of the Arkansas Division of Community Correction. (*Id.* at 1-2). That same day, an Order was entered directing Plaintiff to file an Amended Complaint. (ECF No. 3). The amended complaint was due by March 20, 2025.

Plaintiff did not file an amended complaint. To ensure procedural fairness and to give Plaintiff one more opportunity to comply with the Court's Order, a Show Cause Order was entered on March 21, 2025. (ECF No. 7). Plaintiff was given until April 11, 2025, to respond to the Show Cause Order. (*Id.*). If he failed to respond by the deadline, Plaintiff was advised the case "shall be subject to dismissal." (*Id.*).

Thereafter, the Court received returned mail with a notation that Plaintiff was no longer incarcerated in the Omega Technical Violator Center. (ECF Nos. 8-9). The mail returned included the Show Cause Order. (ECF No. 9). The returned mail was re-sent to an address contained on the return envelope, Safe Harbor, in Little Rock. (*Id.*). On April 14, 2025, due to his change of address, Plaintiff was given an extension of time to file his amended complaint or to respond to the Show Cause Order. (ECF No. 11). Plaintiff's response was due by May 2, 2025. Plaintiff was advised that "[f]ailure to comply with this Order **shall** result in the dismissal of this case." (*Id.*).

Plaintiff has not responded to the Show Cause Order. He has not filed an amended complaint. He has not requested an extension of time to respond. No re-sent mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders. (ECF Nos. 3, 7, 11). In each Order, Plaintiff was advised that failure to respond would result in the dismissal of the case. The last documents filed by Plaintiff in this were his Complaint and IFP application.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.     CONCLUSION

For these reasons, it is RECOMMENDED that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Status of Referral: The referral terminates upon the filing of this Report and Recommendation.

DATED this 7th day of May 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE